IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LINDA LOUISE COLTON,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:15-cv-01962-CL
**ORDER**

---

AIKEN, District Judge:

Magistrate Judge Clarke filed his Findings and Recommendation ("F&R") on 5/19/2017 (doc. 26) recommending awarding plaintiff cost and fees in the amount of $6,901.45. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's F&R, the district court must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert denied*, 455 U.S. 920 (1982).

PAGE 1 –ORDER

Plaintiff filed timely objections to the F&R (doc. 28), and the Commissioner has filed a response (doc. 29). Thus, I review the F&R *de novo*.

This dispute arises out of plaintiff's application for cost and fees in the amount of $7,672.17 pursuant to the Equal Access to Justice Act ("EAJA") (doc. 22). The Commissioner does not dispute that plaintiff is entitled to EAJA fees, but she rather objects to the full amount of fees requested in the application. At issue are 3.8 hours that plaintiff's counsel spent drafting plaintiff's objections to Magistrates Judge Clarke's first F&R (doc. 16), recommending the case be reversed and remanded for further proceedings. In that F&R Magistrate Judge Clarke found merit in some of plaintiff's assignments of error, and he rightly rejected others. Plaintiff filed objections to the F&R regarding the recommendations which were unfavorable to her. I adopted the F&R in its entirety. (doc. 20)

Now plaintiff objects to Magistrate Judge Clark's F&R on her application for EAJA fees which recommended granting the application for the amount of $6,094.45, rather than the $7,672.17 requested. I find no error contained in Magistrate Judge Clarke's present F&R, and adopt the thorough analysis contained in his recommendation.

In her objections, Plaintiff contends that despite the favorable recommendation in the original F&R and lack of objection from the Commissioner, in my review of the F&R, I could have chosen to not adopt the F&R and affirm the decision of the commissioner. Moreover, plaintiff argues that, had I done so, she would have been barred from appealing that ruling to the Ninth Circuit Court of Appeals. Thus she argues, she had to file objections or waive her right to appeal an unfavorable ruling from this Court. As noted in the F&R, this concern is overstated. The failure to object to a conclusion of law does not constitute a waiver of appeal. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). The question of whether an administrative

agency's find of fact is supported by substantial evidence is not a factual issue; it is a question of law. *Id.*; *See also, Baxter v. Sullivan*, 923 F.2d 1391, 1394–95 (9th Cir. 1991); *Greenhow v. Secretary of Health & Human Services*, 863 F. 2d 633, 635 (9th Cir. 1988), *overruled on other grounds*.

Therefore, I adopt Magistrate Judge Clark's F&R (doc. 26) in its entirety. Plaintiff's application for costs and attorney fees pursuant to the EAJA (doc. 22) is granted in the amount of $6,901.45.

IT IS SO ORDERED.

Dated this 8th day of November, 2017.

Ann Aiken
United States District Judge